|  | IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT, IN AND FOR BAY COUNTY, FLORIDA |
|---|---|
| **AUDREY ANDERSON,** | CASE NO.: 24000294CA |
| Plaintiff, | FLA BAR NO.: 0739685 |
| v. | |
| **PEOPLESSOUTH BANK, INC.,** | |
| Defendant. | |
| _____/ | |

# COMPLAINT

Plaintiff, AUDREY ANDERSON, hereby sues Defendant, PEOPLESSOUTH BANK, INC., and alleges:

## NATURE OF THE ACTION

1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes, 29 U.S.C. §621 et seq and 42 U.S.C. §12101 et seq.

2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, AUDREY ANDERSON, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected classes due to her disability and age.

4. At all times pertinent hereto, Defendant, PEOPLESSOUTH BANK, INC., has been conducting business under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

**CONDITIONS PRECEDENT**

5. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

**STATEMENT OF THE ULTIMATE FACTS**

6. Plaintiff, a 70 year old female, was first employed by Defendant in January 2018 as a customer service representative/teller, and was last employed on or about November 10, 2022.

7. She learned in November 2022 that she was going to need follow-up back surgery to have some spinal discs fused. Plaintiff suffered substantial limitations in major life activities as a result of her back disability, including walking, bending, lifting, and many other activities. The surgery was directly related to her disability of which Defendant was aware.

8. On November 10, 2022, Plaintiff informed Defendant of her need for surgery and the date it was scheduled to take place (December 23, 2022). But almost immediately, her surgery was accelerated to November 14, 2022.

9. Initially, her immediate supervisor, Jason Helms, said that December 23rd was fine. But once she informed him the surgery had been moved up, Helms came back and told her that Defendant's President, Erin Stuckey, told him to inform Plaintiff that unless she rescheduled her surgery back to December 23rd, that day (November 10, 2022) would be her last day.

10. Defendant effectively fired Plaintiff then immediately, and her age, disability, need for accommodation and need for FMLA leave were all factors that influenced Defendant's actions.

11. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

12. Paragraphs 1 through 11 are realleged and incorporated herein by reference.

13. This is an action against Defendant for disability discrimination.

14. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees and Defendant's used her disabling condition as the reason for her termination.

15. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff ,which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

16. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

17. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

18. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

19.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

**COUNT II**
**AGE DISCRIMINATION**

20.     Paragraphs 1 through 11 are realleged and incorporated herein by reference.

21.     This is an action against Defendant for discrimination based upon age.

22.     Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

23.     Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.  Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

24.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

25. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

26. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

27. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and to punitive damages under Chapter 760, Florida Statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 8th day of April 2024.

                                                            Respectfully submitted,

                                                            /s/ Marie A. Mattox
                                                            Marie A. Mattox [FBN 0739685]
                                                            MARIE A. MATTOX, P. A.
                                                            203 North Gadsden Street
                                                            Tallahassee, FL 32301
                                                            Telephone:  (850) 383-4800
                                                            Facsimile:   (850) 383-4801
                                                            Marie@mattoxlaw.com
                                                            Secondary emails:
                                                            marlene@mattoxlaw.com
                                                            michelle@mattoxlaw.com

                                                            ATTORNEYS FOR PLAINTIFF